Plaintiff is presently receiving retired pay as an Air Force master sergeant on the basis of length of service. He petitions to be placed on the Permanent Disability Retired List in the grade of captain, with disability rating of 70 percent. The case is before us on defendant’s motion for summary judgment and plaintiffs cross-motion for summary judgment. Plaintiffs primary response to defendant’s motion is a request for reference of the case to the trial division for a trial de novo on the ground that there are disputed material facts. We agree with plaintiff and remand.
*662 In May 1976, while serving on active duty in the United States Air Force in the grade of captain, plaintiff was examined at Vandenberg Air Force Base Hospital for a complaint of headaches. A skull film series and angiogra-phy confirmed a collection of abnormal material on the inner left side of his skull. Within a few days an operation was performed to evacuate a chronic subdural hematoma at the left frontal and left parietal regions of the skull. This was achieved by drilling burr holes in the affected areas.
In June 1976, plaintiff began to complain of personality changes, anxiety and irritability and frequent episodes characterized by an inability to focus his sight and a sensation of falling to the right side. A mental health consultation at Travis Air Force Base Hospital revealed a mild organic brain syndrome condition and reevaluation was requested in 6-12 months. Plaintiff was placed on medication in October 1976 after seizures petit mal episodes occurred with dizziness, sweating, and nausea. An electroencephalogram (EEG) was within normal limits as of October 1976.
In July 1977, plaintiff underwent reevaluation at Letterman Army Hospital. A complete evaluation was performed and, except for an EEG which revealed abnormalities in the left frontal temporal area, all other tests were normal. An examination performed at Letterman Army Hospital on August 8, 1977, showed no sign of recurrent subdural collection and indicated that his condition was otherwise normal.
A Medical Evaluation Board which was convened on November 3, 1977, recommended referral of the plaintiffs case to a Physical Evaluation Board (PEB).
A PEB convened on November 22, 1977, and made the following diagnosis:
1. Status post subdural hematoma, May 76, resulting in mild organic brain syndrome and psychomotor seizures, Jun 77, with considerable impairment of social and industrial adaptability [50 percent compensable rating].
2. Partial loss of skull, 1.95 sq in. [50 percent compensable rating].
*663 This board found that plaintiff was unfit for duty because of physical disability, assigned his condition a compensable percentage rating of 80 percent, and recommended temporary retirement. The Physical Review Counsel (PRC) concurred. On December 6,1977, the Secretary of the Air Force approved these recommendations and directed that, effective December 23, 1977, plaintiff be placed on the Temporary Disability Retired List (TDRL) under the provisions of 10 U.S.C. § 1202 (1976).
In accordance with 10 U.S.C. § 1210 (1976), on February 2, 1979, plaintiff underwent his first periodic physical evaluation at the Naval Regional Medical Center, Memphis, Tennessee.
After his periodic physical examination, plaintiffs case was reviewed by an informal PEB convened on March 2, 1979. This informal PEB diagnosed plaintiffs case as follows:
Status post subdural hematoma (May 76) resulting non-psychotic organic brain syndrome and psychomotor seizures (Jun 77), controlled and without impairment of social and industrial adaptability; partial loss of skull. Not unfitting, singularly or in the aggregate.
This board recommended plaintiff be removed from the Temporary Disability Retired List. Plaintiff was found fit.
Plaintiff objected to the informal PEB’s recommendation and demanded a formal PEB. On March 12, 1979, plaintiff was ordered to undergo another periodic physical examination, in preparation for the requested formal PEB. Plaintiff underwent this examination between March 19 and March 21, 1979, at Wilford Hall USAF Medical Center, Lackland Air Force Base, Texas. This examination revealed no evidence of organic brain syndrome and plaintiff was given a profile of SI and P2.
A formal PEB convened at Lackland Air Force Base, Texas, on April 3, 1979. The formal PEB diagnosed plaintiffs condition as follows:
1. Partial loss of skull, 1.95 sq. in. [UNFITTING].
2. Status post subdural hematoma, May 76, resulting in mild organic brain syndrome and psychomotor seizures [UNFITTING].
*664 The board assigned plaintiffs case at 70 percent compensa-ble physical disability rating and recommended permanent retirement.
The findings and recommendations of the formal PEB were reviewed by the PRC. The medical and legal members concurred in the PEB’s findings and recommendations, but the chairman did not. As a result of this disagreement, the case was forwarded to the Air Force Personnel Board.
The Air Force Personnel Board concurred with the chairman of the PRC. This board found plaintiff fit for duty and recommended his removal from the TDRL. Plaintiff exercised his appeal rights and submitted a rebuttal to the Personnel Board’s findings.
On June 5, 1979, the Physical Disability Appeals Board considered plaintiffs appeal and the Personnel Board’s findings. The Physical Disability Appeals Board concurred with the Personnel Board and found plaintiff to be physically fit. The board directed that plaintiff be removed from the TDRL and that necessary action be taken to return plaintiff to active duty.
At that time, plaintiff had over 20 years active military service. Accordingly, he was eligible for retirement and he retired. However, 10 U.S.C. § 8911 (1976) prohibits retirement as a commissioned officer unless one has at least 10 years of commissioned service. When plaintiff was placed on the TDRL he had 6 years 6 months 8 days of commissioned service; therefore, plaintiff was ineligible to retire as a commissioned officer. Consequently, he was separated from the Air Force as a captain, recalled to active duty as master sergeant, and retired as a master sergeant for length of service.
Defendant argues that the decision of the Secretary of the Air Force finding plaintiff fit for active duty was neither arbitrary nor capricious, and was supported by substantial evidence, and defendant accordingly moves for summary judgment. Plaintiff counters that there are disputed material facts, namely, whether plaintiff "voluntarily” reenlisted and retired as a master sergeant, and whether plaintiff was in fact fit for active duty. We have carefully examined the pleadings and briefs and have heard oral argument. It is our conclusion that there is a crucial question of fact as to *665 plaintiffs medical condition at the time of his retirement and that this case falls into the category which qualifies for a trial de novo. Brown v. United States, 184 Ct. Cl. 501, 396 F.2d 989 (1968).
rr is therefore ordered that both defendant’s motion for summary judgment and plaintiffs cross-motion for summary judgment are denied, and the case is remanded to the trial division for further proceedings.